COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Haley
Argued at Salem, Virginia


MARK EDWARD KIMBERLIN
                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 2261-03-3                    JUDGE JAMES W. HALEY, JR.
                                                         APRIL 12, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Charles H. Smith, Jr., Judge Designate

James V. Doss, III, for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Mark Edward Kimberlin (appellant) was convicted of violating Code § 18.2-461 by giving a

false report of a crime to law enforcement officials with the intention of misleading them.  On

appeal, appellant challenges the sufficiency of the evidence to support his conviction.  He also

contends the trial judge violated the requirements of Rule 5A:8 by signing the Commonwealth's

proposed statement of facts.  Finding no error, we affirm appellant's conviction.

BACKGROUND

In a bench trial conducted on August 22, 2003, the trial judge found appellant guilty of the

charged offense and sentenced him to twelve months in jail.  On October 14, 2003, appellant filed a

written statement of facts pertaining to his trial.  The Commonwealth filed its own statement of facts

on November 5, 2003.  By notice filed on November 6, 2003, appellant stated he would present his

statement of facts to the trial judge at a hearing the following day.  The trial judge, however, signed

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commonwealth's statement of facts on November 21, 2003.  In a handwritten notation, the trial judge stated:  "The foregoing 'Statement of Facts' is approved pursuant to Rule 5A:8 of the Rules of Court."  Appellant did not raise any objection in the lower court to the trial judge's procedure in adopting the Commonwealth's statement of facts.

According to the Commonwealth's statement of facts, appellant spent a portion of the evening of January 27 and early morning of January 28, 2003 with Kathy Furlong and her friend "Shirley."  Upon appellant's requests, Furlong drove appellant to several locations in and around Clifton Forge, resulting in unsuccessful attempts to obtain money.  The vehicle Furlong drove that night was a gray Chevrolet Camaro.

Eventually, Furlong became irritated with appellant's requests and told him she wanted to take him home.  Appellant became verbally abusive to Furlong.  He tried to prevent her from driving him home by pulling on the emergency brake, nearly causing an accident.  When they reached appellant's home, Furlong ordered him out of the vehicle.  Appellant told her he would "get her back" and "have the last laugh."

At 5:18 a.m. on January 28, 2003, immediately after he arrived home, appellant called the Clifton Forge Police Department.  Appellant identified himself and reported that two women in a gray Camaro had fired shots at his residence.  He also indicated the women possessed cocaine.

The information appellant provided was broadcast over the police radio.  At 5:20 a.m., two police officers on patrol in Clifton Forge observed a gray Camaro with two female occupants.  The officers stopped the vehicle based upon the radio dispatch they had received.  Furlong was driving the vehicle.  The police officers ordered Furlong and the passenger from the vehicle, detained them at gunpoint, and handcuffed them.  The officers searched the two women and Furlong's vehicle, but found no firearms, drugs, paraphernalia, or alcohol.  The officers released the two women.

The police went to appellant's residence. Tracy Vanness, appellant's roommate, told the officers appellant was not home. At trial, Vanness testified he did not hear appellant arrive home on the night in question, but claimed he heard noises that might have been gunshots.

DISCUSSION

I.

Appellant contends the trial court erred in signing the Commonwealth's statement of facts without appellant's agreement or conducting a hearing to resolve the differences in the two proposed statements of facts. However, the record does not show appellant raised an objection to the trial judge concerning the judge's approval of the Commonwealth's statement of facts. Although appellant objected in this Court to the trial judge's procedure in adopting the Commonwealth's statement of facts, Rule 5A:18 required appellant to raise an objection to the trial judge for us to consider the issue on appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Furthermore, "[t]he judge's signature on a . . . written statement, without more, shall constitute his certification that the procedural requirements of this Rule 5A:8 have been satisfied." Rule 5A:8(d). The trial judge signed the Commonwealth's written statement of facts

and noted that all requirements of Rule 5A:8 had been satisfied. Accordingly, we refer to the Commonwealth's statement of facts signed by the judge in this appeal.

II.

Pursuant to Code § 18.2-461(i), it is a Class 1 misdemeanor "to knowingly give a false report as to the commission of any crime to any law-enforcement official with intent to mislead." Admitting he made the call to the police regarding the gray Camaro, appellant contends he did not do so with the intent to mislead the police.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

> "Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence." The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 673-74 (1995) (citations omitted).

Appellant rode with Furlong in the gray Camaro for an extended period of time on the night in question. Having tired of appellant's repeated requests for her to drive him to various locations, Furlong told appellant she wanted to take him home. Appellant was verbally abusive to Furlong and tried to prevent her from driving to his residence. Once they reached appellant's residence, appellant told Furlong he would "get her back." Appellant immediately called the police. He reported two women had shot at his residence from a gray Camaro and that the women possessed cocaine. Stopped by the police within minutes of appellant's call, Furlong and her passenger possessed neither firearms nor drugs.

Viewed in the light most favorable to the Commonwealth, the evidence proved appellant, following through on his threat to retaliate against Furlong, made a false report of shots fired by two women in a gray Camaro. Appellant's words and actions evince his intent to mislead the police and cause them to stop Furlong's vehicle. Thus, the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of the charged offense.

## CONCLUSION

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.
