COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton,* Judges Frank and Clements
Argued at Chesapeake, Virginia


VICTOR LAMONT RIDLEY

                                                  MEMORANDUM OPINION** BY
v.        Record No. 0704-05-1                    JUDGE JEAN HARRISON CLEMENTS
                                                  APRIL 25, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Charles D. Griffith, Jr., Judge

            Harry Dennis Harmon, Jr., for appellant.

            Alice T. Armstrong, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Victor Lamont Ridley (appellant) was convicted in a jury trial of possession of burglarious

tools, in violation of Code § 18.2-94, and misdemeanor damage to property, in violation of Code

§ 18.2-137(B)(i).  On appeal, he contends the trial court erred in (1) denying his motion to suppress

an inculpatory admission he made to the police and (2) finding the evidence sufficient to sustain his

convictions.  For the reasons that follow, we affirm appellant's convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

        * On April 1, 2006, Judge Felton succeeded Judge Fitzpatrick as chief judge.

        ** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

We view the evidence in the light most favorable to the Commonwealth, the party that prevailed below. See Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003) ("When a defendant challenges the sufficiency of the evidence on appeal, we must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth."); Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002) ("On appeal from a trial court's denial of a motion to suppress, we must review the evidence in the light most favorable to the Commonwealth, granting to the Commonwealth all reasonable inferences fairly deducible from it."). "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988).

So viewed, the evidence established that, at approximately 3:00 a.m. on August 21, 2003, Officers Daryl Howard and Chris Daly of the Norfolk Police Department were in separate marked patrol cars en route to a call unrelated to this matter. As Officer Howard drove down Virginia Avenue, he saw appellant appear "from the shadows [on the] side of the street where some cars were parked." Because there had been over thirty nighttime "break-ins" of parked vehicles reported in that area in the preceding few weeks, Officers Howard and Daly stopped their vehicles and approached appellant on foot. Officer Howard asked if he could speak with appellant for a moment, and, upon receiving appellant's consent, apprised him of the numerous reports of break-ins nearby and "asked him what he was doing in the area." In response, appellant stated he was walking from the 7-Eleven on 38th Street to Park Place. Officer Howard found appellant's response "strange" because his location on Virginia Avenue was several blocks out of the way to his professed destination.

In addition, while talking with appellant, Officer Howard noticed some broken glass on the ground by one of the parked cars near where appellant had emerged from the shadows. Officer Howard then observed that one of the rear windows of the car "had been knocked out" and "there was a screwdriver laying in plain view in the back seat area" of the car.

Based on these circumstances, Officer Howard detained appellant "for further investigation." The officers handcuffed appellant and placed him in the back of Officer Daly's patrol vehicle. They did not advise appellant of his <u>Miranda</u> rights.

After checking nearby cars for damage, Officer Howard returned to his patrol vehicle. While Officer Howard was in the process of arranging for a detective to come to the scene, entering appellant's information into his computer, and trying to obtain contact information for the owner of the damaged car, Officer Daly approached Officer Howard and informed him that appellant had made a statement concerning the screwdriver observed in the backseat area of the damaged vehicle. Officer Howard told Officer Daly that he would be "there in a minute."[1]

A minute or two later, Officer Howard approached Officer Daly's patrol car. Officer Daly was sitting in the driver's seat of the car with his window open, and appellant was in the backseat. Officer Howard did not address appellant when he approached. Instead, Officer Howard bent down to within two feet of Officer Daly and asked him what he had said earlier about the screwdriver. Both officers had their backs to appellant and Officer Howard directed his question to Officer Daly, without looking at appellant. As Officer Daly responded to Officer Howard's question, appellant stated: "That's not my screwdriver. I don't know how it got there. My fingerprints might be on it, but it's not mine." Neither officer had asked appellant "any question at that point in time."

---

[1] Officer Daly did not appear as a witness at the suppression hearing or at trial.

Detective George Thondique arrived on the scene shortly thereafter. After speaking with Officer Howard, Detective Thondique advised appellant of his <u>Miranda</u> rights. Appellant agreed to speak with the detective and told him "that he had used the screwdriver to break the window out" in order to look for change to buy a pack of cigarettes.

According to the owner of the damaged car, the screwdriver found inside the car was not hers and was not in the car when she parked it that evening. Nor, according to her, was the window broken, and she did not give appellant permission to enter her locked car.

Prior to his trial, appellant filed a motion to suppress the inculpatory statement he made to Officers Howard and Daly regarding the screwdriver, arguing solely as follows:

> On August 21, 2003, Norfolk City Police Officers Daly and Howard detained and interrogated the defendant without apprising the defendant of his constitutional rights pursuant to <u>Arizona v. Miranda</u>, 384 U.S. 436 (1966), and in violation of the same obtained an alleged statement from the defendant that a "screwdriver in the automobile's back seat would have his (the defendant's) fingerprints on it, but he (the defendant) did not know how it had gotten there."

Testifying at the hearing on the motion to suppress, appellant denied making any inculpatory statements to Officers Howard and Daly about the screwdriver and gave conflicting testimony about whether Officer Howard asked him any questions about the screwdriver. He further testified that he told Officer Daly he would not "say anything until [he] talk[ed] to [his] attorney." Appellant's counsel argued at the hearing solely as follows:

> [My client] was in custody and he wasn't . . . given his Miranda rights. . . . My client testified Officer Howard asked him about the screwdriver. That's in complete violation of his rights under Arizona versus Miranda. If he was not given his rights and he was in custody and the officer asked him a question, that's in violation.

Conceding appellant was in custody when he made the inculpatory statement about the screwdriver to Officers Howard and Daly, the Commonwealth asserted that appellant's statement

was not made in response to any interrogation by the police. Thus, the Commonwealth argued, the need for Miranda warnings was not triggered.

The trial court denied the motion to suppress, finding that appellant's statement was not "made as a result of any custodial interrogation." "There was no questioning of [appellant]," the court found. Rather, while "fully" aware of his rights, appellant simply "blurt[ed]" the statement out on his own. The court also found that appellant's testimony lacked credibility and the Commonwealth's evidence was "extremely credible."

After hearing the evidence and argument of counsel at trial, the jury found appellant guilty of possession of burglarious tools and damage to property. This appeal followed.

## II.  MOTION TO SUPPRESS

On appeal, appellant contends the trial court erred in denying his motion to suppress. In support of that contention, appellant argues solely that his incriminating statement to Officers Howard and Daly regarding the screwdriver found in the damaged car was inadmissible because it was not a voluntary admission. Relying exclusively on Kauffmann v. Commonwealth, 8 Va. App. 400, 382 S.E.2d 279 (1989),[2] appellant maintains that his admission was not voluntary

---

[2] Appellant quotes the following passage from Kauffmann in his appellate brief:

> [T]he confession, even if obtained in full compliance with Miranda, may be inadmissible if it was not voluntary. In order to assess the voluntariness of a confession, an appellate court must conduct an independent review of the circumstances surrounding the confession. Miller v. Fenton, 474 U.S. 104 (1985). In conducting its review, the court "must determine whether, in light of the totality of the circumstances, including not only the details of the interrogation, but also the characteristics of the accused, the statement was the product of an essentially free and unconstrained choice by its maker, or whether the maker's will was overcome and his capacity for self-determination critically impaired." Goodwin v. Commonwealth, 3 Va. App. 249, 253, 349 S.E.2d 161, 163-64 (1986) (citations omitted).

8 Va. App. at 405, 382 S.E.2d at 281.

because "the officers' actions, in toto, amounted to a conscience [sic] plan to overcome the appellant's will and critically impair his capacity for self-determination." We hold that appellant's argument, having been raised for the first time on appeal, is procedurally barred by Rule 5A:18.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated *together with the grounds therefor* at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." (Emphasis added). Pursuant to Rule 5A:18, we "will not consider an argument on appeal [that] was not presented to the trial court." Ohree v. Commonwealth, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "Rule 5A:18 applies to bar even constitutional claims." Id.

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc), aff'd, No. 040019 (Va. Sup. Ct. Order of 10/15/04). Thus, "though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Properties, Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980). In short, we will not consider an argument on appeal that is different from the specific argument presented to the trial court, even if it relates to the same issue. See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that appellant's failure to raise the same specific arguments "before the trial court precludes him from raising them for the first time on appeal"). The main purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address,

examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 739 (1991) (en banc).

In this case, appellant moved to suppress his inculpatory admission to Officers Howard and Daly on the ground that he made that admission before he received Miranda warnings. Miranda warnings were required, he argued, because he was subjected to custodial interrogation when he made the admission. He made no other arguments. The Commonwealth conceded appellant was in custody when he made the inculpatory statement but denied appellant's claim that he was being interrogated by the police when he made the admission. The trial court found that appellant's Miranda rights were not violated because the admission was not "made as a result of any custodial interrogation." Appellant, the court found, was not subjected to questioning by the police at the time and appellant merely "blurt[ed]" the admission out of his own accord.

It is clear, therefore, that the only issue brought to the attention of the trial court at the suppression hearing was whether appellant was being "interrogated" within the meaning of Miranda at the time he made the incriminating admission to the police. At no point did appellant raise before the trial court the argument he now raises on appeal—that his admission to Officers Howard and Daly regarding the screwdriver was not voluntary because the police officers through their planning and manipulative actions overbore his will. See Bailey v. Commonwealth, 259 Va. 723, 745-46, 529 S.E.2d 570, 582-84 (treating the appellant's claims—that his confession was not admissible (1) because it was obtained in violation of Miranda and (2) because it was involuntarily given—as two separate and distinct issues), cert. denied, 531 U.S. 995 (2000); Kauffmann, 8 Va. App. at 404-05, 382 S.E.2d at 281-82 (same). In fact, appellant never specifically questioned or otherwise addressed the voluntariness of the admission below. Indeed, appellant's counsel effectively conceded during oral argument before us that appellant had changed tack on appeal, abandoning the

<u>Miranda</u> claim he asserted below in favor of his claim on appeal that the admission was not voluntary.

Thus, despite having had the opportunity to do so, appellant never alerted the trial court to his present claim that his inculpatory admission to Officers Howard and Daly regarding the screwdriver was not voluntary. Hence, the trial court had no opportunity to consider, address, or resolve that claim. Moreover, our review of the record reveals no reason to invoke the "ends of justice" or "good cause" exceptions to Rule 5A:18. See <u>Edwards</u>, 41 Va. App. at 761, 589 S.E.2d at 448 ("We will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18."); <u>M. Morgan Cherry & Assocs. v. Cherry</u>, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (en banc) (holding that the "good cause" exception to Rule 5A:18 will not be invoked where appellant had the opportunity to raise the issue at trial but did not do so).

We hold, therefore, that appellant is barred by Rule 5A:18 from raising the claim for the first time on appeal.

### III. SUFFICIENCY OF THE EVIDENCE

Appellant contends the trial court erred in finding the evidence sufficient to sustain his convictions for possession of burglarious tools and damage to property. We disagree.

"When faced with a challenge to the sufficiency of the evidence, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." <u>Crowder v. Commonwealth</u>, 41 Va. App. 658, 662, 588 S.E.2d 384, 386 (2003) (quoting <u>Kelly v. Commonwealth</u>, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc)). "When a jury decides the case, Code § 8.01-680 requires that 'we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the decision stand unless we conclude no rational juror could have reached that

decision.'" Id. (quoting Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2 272, 278 (2002) (en banc), aff'd, 266 Va. 397, 588 S.E.2d 149 (2003) (per curiam)).

A. Possession of Burglarious Tools

Code § 18.2-94 states:

> If any person have in his possession any tools, implements or outfit, with intent to commit burglary, robbery or larceny, upon conviction thereof he shall be guilty of a Class 5 felony. The possession of such burglarious tools, implements or outfit by any person other than a licensed dealer, shall be prima facie evidence of an intent to commit burglary, robbery or larceny.

Appellant claims the evidence was insufficient to prove he "possessed" a burglarious tool because no one saw him with the screwdriver found inside the damaged car in his possession. Conviction under Code § 18.2-94, however, does not require that the burglarious tool be seen in the accused's actual possession. See, e.g., Nance v. Commonwealth, 203 Va. 428, 431-33, 124 S.E.2d 900, 903-04 (1962) (affirming the defendant's conviction for possession of burglarious tools where the tools in question were retrieved elsewhere after having apparently been thrown from the vehicle in which the defendant had been traveling). The Commonwealth need prove only that the accused possessed the tools with the intent to commit burglary, robbery, or larceny at some relevant time prior to his arrest. See id.; Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953) (holding that the offense of possession of burglarious tools "consists of two essential elements: (1) possession of burglarious tools: and (2) an intent to commit burglary, robbery or larceny therewith").

Here, appellant's statement to Officers Howard and Daly that his "fingerprints might be on" the screwdriver implicitly connects him to the screwdriver. Moreover, appellant admitted to Detective Thondique "that he had used the screwdriver to break the window out" in order to gain entry into the car to obtain money to buy cigarettes. Additionally, the evidence established that the owner of the car had not given appellant permission to enter her car. A rational juror could

reasonably conclude from this evidence that appellant possessed the screwdriver with the intent to burglarize the car. The evidence is therefore sufficient to sustain appellant's conviction for possession of burglarious tools.

## B. Damage to Property

Code § 18.2-137(B)(i) provides, in pertinent part, that, "[i]f any person intentionally [damages any property not his own], he shall be guilty of . . . a Class 1 misdemeanor if the . . . damage to the property . . . is less than $1,000." Appellant claims the evidence was insufficient to prove he intentionally damaged the window of the car where the screwdriver was found. As previously mentioned, however, appellant admitted to Detective Thondique that he used the screwdriver to break the back window of the car with the intent to gain entry. The screwdriver was in the damaged car's backseat, and the back window was broken out. A rational juror could properly conclude from this evidence that appellant intentionally damaged the window. The evidence is therefore sufficient to sustain appellant's conviction for misdemeanor damage to property.

## IV. CONCLUSION

For these reasons, we affirm appellant's convictions.

<u>Affirmed.</u>