UPON A REHEARING EN BANC
FRANK, Judge.
Lolita Edwards (appellant) was indicted for attempted capital murder of a law enforcement officer, in violation of Code §§ 18.2-25 and 18.2-31, eluding the police, in violation of Code § 46.2-817(B), and leaving the scene of an accident involving personal injury, in violation of Code § 46.2-894. In a bench trial, she was convicted of assault on a law enforcement officer, in violation of Code § 18.2-57, in addition to the indicted offenses of eluding and leaving the scene. A panel of this Court reversed the conviction of assault and affirmed the conviction of leaving the scene. Edwards v. Commonwealth, 41 Va.App. 99, 581 S.E.2d 910 (2003). Thereafter, we stayed the mandate of that decision and granted the Commonwealth’s petition for a rehearing en banc.
*757 Appellant contends she was improperly convicted of assault on a law enforcement officer because that offense is not a lesser-included offense of the indicted charge, attempted capital murder of a law enforcement officer. She also argues the evidence was insufficient to prove she left the scene of an accident. Upon rehearing en banc, we affirm the trial court on both offenses.

BACKGROUND

Around 8:00 p.m. on May 4, 2001, Portsmouth Police Officer S.D. White saw a burgundy Pontiac with “music ... playing extremely loud,” traveling without its headlights illuminated. Officer White activated his lights and siren, but the Pontiac did not stop. Officer White continued to follow the vehicle, with his “wigwag headlights” activated and his siren engaged, for approximately one mile. The Pontiac swerved from one lane to another. A passing car was forced off the road by the Pontiac. Eventually, the vehicle crossed the Churchland Bridge, “stopped suddenly,” and “jumped the curb.” The officer swerved his car slightly to avoid hitting the Pontiac and then stopped his police unit “slightly beside [appellant’s] vehicle.”
Officer White, who was in uniform with his badge displayed, exited his vehicle. He walked up to the Pontiac and found appellant in the driver’s seat. The car was still running. Officer White reached through the driver’s side window, telling appellant, “Turn off the car, turn off the car.”
The officer described what happened next:
I reached in, there was some yelling or something from inside the car and the car drove off. When the car drove off, it pinned my arm back behind the headrest and drug me towards the front of my car at that point.
I was able to work myself free and I remember getting hit in the back with either a car or a mirror and the next thing I remember I was being loaded into an ambulance.
Officer Peter Sykes had arrived just before appellant stopped her car. He observed Officer White reach into appel *758 lant’s car, grab her arm, and attempt to extract her from the Pontiac. According to Officer Sykes, the car then “began to proceed eastbound ... leaving the curb, partially dragging Officer White towards his police vehicle. Officer White eventually let go of the driver’s arm.” Officer Sykes testified the Pontiac was “creeping off the curb” when appellant drove off with Officer White’s arm in her car. He estimated the car traveled about five or six feet until Officer White “let go.” After the officer “let go,” the Pontiac struck White’s vehicle and then another police ear.
Officer Sykes followed the car approximately a hundred feet, during which time it jumped the curb, traveled across a lawn, and stopped. The officer placed appellant under arrest. Officer White was treated for his injuries.
At the conclusion of the Commonwealth’s evidence, appellant moved to strike the evidence on the attempted capital murder count. After argument, the trial court sustained the motion. The Commonwealth then inquired if the court was “striking that down to possibly a lesser included offense?” The Commonwealth suggested assault on a law enforcement officer as a lesser-included offense. Appellant argued the latter offense was not a lesser-included offense. The following exchange occurred:
MR. MEDA [appellant’s counsel]: Your Honor, I think under the Blockburger analysis for lesser included offenses, I don’t think that meets the requirement. The attempted capital murder statute does not include the element of the defendant having reason to know the person was a law enforcement officer. Assault and battery on a police officer requires that—
* * *
The elements of the statute of attempted capital murder do not include that as a requirement. The statute for assault and battery on a law enforcement officer requires the Commonwealth to prove as an element that the defendant had reason to know that the person assaulted is a law enforcement officer.
*759 The Commonwealth’s attorney responded, arguing that an attempted capital murder indictment also requires the Commonwealth prove a defendant should have known the victim was a law enforcement officer. The entire focus of the argument to the trial court was whether the Commonwealth must prove the offender had reason to know the person was a law enforcement officer in order to prove attempted capital murder. The trial court ruled on this issue when it found assault on a law enforcement officer was a lesser-included offense of attempted capital murder.

ANALYSIS

A. Lesser-included Offense
On appeal, appellant contends assault and battery of a law enforcement officer is not a lesser-included offense of attempted capital murder because a battery is not an element of attempted capital murder.[1] Appellant also argues the definitions of “law enforcement officer” contained in Code § 18.2-57, the assault statute, and Code § 18.2-31(6), the murder statute, differ, which precludes a finding that assault of a law enforcement officer is a lesser-included offense of attempted capital murder of a law enforcement officer. The Commonwealth concedes this second argument. However, the Commonwealth contends any argument based on these different definitions is procedurally defaulted under Rule 5A:18.[2] We agree.
No ruling of the trial court or the Virginia Workers’ Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.
*760 The argument at trial focused solely on whether both offenses require proof that the assailant knew her intended victim was a law enforcement officer. Appellant argued Code § 18.2-57 includes this element and attempted capital murder does not. However, on appeal, appellant attempts to distinguish the elements of these two offenses on a different basis, i.e., the statutory definition of a law enforcement officer, not the assailant’s perception of the victim’s status as a law enforcement officer. Appellant did not raise the point she now asserts before the trial court.
Nothing in appellant’s argument before the trial court alerted the trial court to her argument before this Court. The trial court had no opportunity to consider the issue presented on appeal. See Neal v. Commonwealth, 15 Va.App. 416, 422, 425 S.E.2d 521, 525 (1992) (“This Court has said ‘the primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.’ ” (quoting Martin v. Commonwealth, 13 Va.App. 524, 530, 414 S.E.2d 401, 404 (1992))).
Rule 5A:18 requires an “objection [be] stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va.App. 433, 435, 357 S.E.2d 742, 744 (1987). A general argument or an abstract reference to the law is not sufficient to preserve an issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Scott v. Commonwealth, 31 Va.App. 461, 464-65, 524 S.E.2d 162, 164 (2000). Making one specific argument on an issue does not preserve a separate legal point on the same issue for review. See Clark v. Commonwealth, 30 Va.App. 406, 411-12, 517 S.E.2d 260, 262 (1999) (preserving one argu *761 ment on sufficiency of the evidence does not allow argument on appeal regarding other sufficiency questions).
Thus, we will not consider this issue for the first time on appeal. See Rule 5A:18; West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) (“On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court.”); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).
Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va.App. 215, 221, 487 S.E.2d 269, 272 (1997) (“In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.” (emphasis added)). We will not consider, sua sponte, a “miscarriage of justice” argument under Rule 5A:18. Further, we find nothing in the record to support such an argument.
Appellant relies on our decision in Lowe v. Commonwealth, 33 Va.App. 583, 535 S.E.2d 689 (2000), to contend that her assignment of error can be raised at any time. In Lowe, a defendant was indicted for statutory burglary, but convicted of trespass, without an amendment of the indictment. The conviction was reversed because trespass under Code § 18.2-219 is not a lesser-included offense of statutory burglary. At trial, Lowe did not object to the conviction of the reduced charge. The Commonwealth, as it did here, contended Rule 5A:18 barred Lowe from raising the issue on appeal. This Court noted:
“[T]he fact that the defendant did not object to ... the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment. *762 Unless an indictment is amended to conform to the proof or an accused acquiesces in being found guilty of an offense other than the one charged, a trial court lacks the authority to find an accused guilty of an offense other than the one charged or a lesser included offense.... The lack of authority of the trial Court to render the judgment that it did may be raised at any time and by this court on its own motion.” Fontaine v. Commonwealth, 25 Va.App. 156, 165, 487 S.E.2d 241, 244 (1997) (citations omitted).
Id. at 588, 535 S.E.2d at 691-92. This Court then held:
Acquiescence requires something more than a mere failure to object. See [Fontaine, 25 Va.App. at 165, 487 S.E.2d at 244] (holding that failing to object, coupled with statement to judge clarifying that conviction was for misdemeanor rather than felony, did not constitute acquiescence).
Id. at 588, 535 S.E.2d at 692. This Court found the issue was not defaulted and proceeded to consider the merits of the appeal. Id.
In Fontaine, 25 Va.App. 156, 487 S.E.2d 241, a defendant was indicted for leaving the scene of an accident in which a person was injured, a felony under Code § 46.2-900. However, he was convicted, without an amendment of the indictment, of leaving the scene of an accident involving property damage, a misdemeanor under Code § 46.2-900. Id. at 159, 487 S.E.2d at 242-43. Fontaine did not object to the conviction of the reduced charge. Id. at 162, 487 S.E.2d at 244. In the context of a sufficiency issue, the Commonwealth argued that Fontaine had “concurred” in the misdemeanor conviction by asking the trial court for clarification. Id. at 163, 487 S.E.2d at 244. This Court held Fontaine did not “acquiesce” in the trial court’s decision. Id. The Commonwealth also argued the evidence was sufficient to convict Fontaine of the misdemean- or because it was a lesser-included offense of the felony, and the evidence was sufficient to convict him of the felony. Id. at 163, 487 S.E.2d at 244-45.
This Court noted, “[N]ot only is [the lesser-included issue] crucial to the Commonwealth’s sufficiency argument, but, *763 more importantly it is critical to the determination of whether the trial court had jurisdiction to find the defendant guilty of an offense not directly charged in the indictment.” Id. at 163-64, 487 S.E.2d at 245. This Court, after finding “hit and run property damage” is not a lesser-included offense of “hit and run personal injury,” explained:
By convicting the defendant of an offense that was not lesser included and that was not charged, the trial court exceeded its authority. The indictment did not charge the defendant generally with hit and run in violation of Code § 46.2-894. Instead, it specifically charged hit and run personal injury. Thus, the Commonwealth charged the defendant with one offense and found him guilty of another. “The state may not accuse a person of one crime and convict him by proving another unless the offense is a lesser included one of that charged.” Harrell v. Commonwealth, 11 Va.App. 1, 6, 396 S.E.2d 680, 682 (1990). The fact that the defendant did not object to or appeal the conviction on the ground that he was convicted for an offense with which he was not charged is of no moment.
Id. at 164-65, 487 S.E.2d at 245.
The Commonwealth asks this Court to overturn Lowe and reject the analysis in Fontaine. The Commonwealth argues that conviction of an offense which is not a lesser-included offense cannot create a jurisdictional issue and contends appellant’s arguments are subject to the usual procedural requirements for consideration on appeal.
The Commonwealth notes both Lowe, 33 Va.App. at 589, 535 S.E.2d at 692, and Fontaine, 25 Va.App. at 165, 487 S.E.2d at 245, allow waiver of this issue if a defendant acquiesces in the trial court’s decision. However, the Commonwealth correctly explains, jurisdictional issues by definition cannot be waived, even with acquiescence. Nelson v. Warden of Keen Mountain Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001) (noting jurisdictional issues cannot be waived). Given this contradiction between the definition of *764 jurisdictional issues and the principles expressed in Lowe and Fontaine, we must reconsider these two cases.
Fontaine, as embraced in Lowe, underscores the concept that a trial court “lack[s] authority” to convict a person of an offense which is not a lesser-included offense. We do not disagree with this statement of the law. However, the Fontaine and Lowe decisions presume enthymematically that, when courts “lack authority,” they necessarily also lack essential jurisdiction over the matter in controversy. The decisions also conclude that this lack of authority allows the issue to be raised at any time, whether preserved under Rule 5A:18 or not, a prospect reserved only for void judgments. Lowe, 33 Va.App. at 588-89, 535 S.E.2d at 691-92; Fontaine, 25 Va. App. at 165, 487 S.E.2d at 245. Essentially, Fontaine and Lowe equate the “lack of authority” to exercise jurisdiction with a jurisdictional defect. This notion was clearly rejected in Nelson, 262 Va. at 281-84, 552 S.E.2d at 75-77.
Referring to its earlier decision in David Moore v. Commonwealth, 259 Va. 431, 527 S.E.2d 406 (2000), the Supreme Court explained in Nelson,
[W]e made a point in David Moore of “emphasizing the necessary distinction to be drawn ... between the power of a court to adjudicate a specified class of cases, commonly known as ‘subject matter jurisdiction,’ and the authority of a court to exercise that power in a particular case.” Id. at 437, 527 S.E.2d at 409.
We said that “[s]ubject matter jurisdiction is granted by constitution or statute,” that “[i]t cannot be waived,” that “any judgment rendered without it is void ab initio,” and that “lack of subject matter jurisdiction ‘may be raised at any time in any manner, before any court, or by the court itself.’ ” Id. (quoting Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947)).
After noting the Court’s emphasis on the distinction between subject matter jurisdiction and the authority to exercise that jurisdiction, the Court’s next step should have been *765 to demonstrate the difference resulting from the distinction. Yet, we made a distinction without a difference for, with our very next step, we elevated the failure of a court to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.
262 Va. at 281, 552 S.E.2d at 75. The Supreme Court reversed the reasoning in David Moore and found the failure to notify Nelson’s father of the charges against his son did not result in a void judgment.
Nelson did not preserve the error in the juvenile court’s failure to give his father notice and did not raise the issue until he filed his petition for a writ of habeas corpus in this Court. Because Nelson’s convictions were merely voidable, his failure to raise the issue in a timely manner constitutes a waiver of the error and results in the dismissal of his petition.
Id. at 285, 552 S.E.2d at 78.
Lowe and Fontaine follow the erroneous logic of David Moore by equating the authority to exercise jurisdiction with basic jurisdictional requirements. These decisions cannot be reconciled with Nelson. Therefore, we are required to overrule those decisions to the extent that they conclude a conviction of an offense that is not a lesser-included offense of the indicted charge renders the judgment void, i.e., it can be raised at any time in any court.
In reaching this conclusion, we remain aware of the doctrine of stare decisis. As the Supreme Court said in Selected Risks Ins. Co. v. Dean, 233 Va. 260, 355 S.E.2d 579 (1987):
In Virginia, the doctrine of stare decisis is more than a mere cliché. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake.
*766 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987) (citation omitted). “Our strong adherence to the doctrine of stare decisis does not, however, compel us to perpetuate what we believe to be an incorrect application of the law____” Nunnally v. Artis, 254 Va. 247, 253, 492 S.E.2d 126, 129 (1997). See Code § 17.1-402(D) (“The court [of appeals] sitting en banc shall consider and decide the case and may overrule any previous decision by any panel or of the full court.”); Nelson, 262 Va. at 280-81, 552 S.E.2d at 75 (quoting Nunnally). We may exercise the authority to overrule previous decisions where a “detailed inquiry” demonstrates “ ‘a mistake exists in our prior decisions.’ ” Armstrong v. Commonwealth, 36 Va.App. 312, 321, 549 S.E.2d 641, 645 (2001) (en banc).
Further, precedent from the Supreme Court supports the distinction we now make between a void and a voidable judgment in the context of differences between the indictment and the final conviction. In Cunningham v. Hayes, 204 Va. 851, 134 S.E.2d 271 (1964), Hayes was indicted for manslaughter, yet convicted of first-degree murder. In his petition for a writ of habeas corpus, Cunningham asserted his conviction was illegal because he was indicted for one offense and convicted of another. Id. at 858, 134 S.E.2d at 276. In dismissing the petition, the Court held the judgment was voidable, not void.
“This court has repeatedly held that a writ of habeas corpus does not lie where the judgment of conviction is merely voidable by reasons of error of law or fact, omissions, or other irregularities, no matter how numerous or flagrant they may be. The remedy in such cases is by appeal or writ of error. The underlying question in such [habeas corpus ] proceedings is that of jurisdiction that is, whether the court had jurisdiction of the person and the subject matter and the power to render the particular judgment. If the court had jurisdiction of the person and of the subject matter of the prosecution, and if the punishment imposed is of the character prescribed by law, a 'writ of habeas corpus does not lie to release the prisoner from custody merely because of irregularities or defects in the sentence.” (Citing cases). *767 Royster v. Smith, 195 Va. 228, 232-2[3]3, 77 S.E.2d 855 [ (1953) ]. See also Ex parte Belt, 159 U.S. 95, 98, 15 S.Ct. 987, 988, 40 L.Ed. 88, 90 [ (1895) ].
In Virginia there is no constitutional requirement that prosecutions for felonies be by indictment. The requirement is merely statutory and may be waived by the accused. § 19.1-162, Code of 1950, as amended.
******
Since a person charged with a felony may waive indictment and be tried on a warrant or information[,] the requirement of an indictment is not jurisdictional.
Id. at 854-55, 134 S.E.2d at 274.
Here, the trial court clearly had subject matter jurisdiction over the case, which involved a criminal matter. See Code § 17.1-513 (giving circuit courts jurisdiction over criminal cases). Appellant does not contend the offense occurred outside the Commonwealth of Virginia or that the court lacked jurisdiction over her person. Thus, no jurisdictional defect renders her conviction of assault on a police officer void. Since Rule 5A:18 bars consideration of this issue, we affirm the conviction of assault on a police officer.
B. Sufficiency of the Evidence
Appellant argues the evidence does not support the conviction for leaving the scene of an accident involving personal injury. She contends she did not deliberately drive away from the scene and, alternatively, she did not leave the scene.
When considering sufficiency issues, “we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.” Martin v. Commonwealth, 4 Va.App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, “it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong.” Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). “The judgment of a trial court sitting without a jury is entitled to the same *768 weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.” Martin, 4 Va.App. at 443, 358 S.E.2d at 418.
Code § 46.2-894 criminalizes leaving the scene of an accident:
The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver’s license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.
Appellant claims this statute requires the Commonwealth prove an accused deliberately drove away from the scene of an accident, citing Herchenbach v. Commonwealth, 185 Va. 217, 38 S.E.2d 328 (1946), to support this interpretation of the statute. She then argues the evidence does not support an inference that she deliberately continued driving after she injured the officer.
Appellant’s reliance on Herchenbach is misplaced. Herchenbach held the Commonwealth must prove an accused knew an accident had occurred, which is not appellant’s argument. Id. at 220, 38 S.E.2d at 329. See Cottee v. Commonwealth, 31 Va.App. 546, 558, 525 S.E.2d 25, 31 (2000). Herchenbach did note, however, “The duty imposed upon the driver of a vehicle involved in an accident is not passive. It requires positive, affirmative action; — that is, to stop and give the aid and information specified.” 185 Va. at 220, 38 S.E.2d at 329.
Code § 46.2-894 requires a driver “immediately stop” at an accident scene. This language plainly does not allow a *769 person to continue driving until circumstances stop the vehicle. See Rasmussen v. Commonwealth, 31 Va.App. 233, 238, 522 S.E.2d 401, 403 (1999) (statutory language should be given its plain meaning). Even if, as appellant contends, she initially could not stop the vehicle because she was “yanked ... off those brakes” by Officer White, she could have applied the brakes to stop the car once the officer had released her. She did not do this, but instead continued to drive the car until it hit two police vehicles and almost hit a house. This evidence is sufficient to prove appellant did not immediately stop as required by the statute.
Appellant also contends she did not leave the scene, contending the movement of her car did not take her away from the scene. She relies on Smith v. Commonwealth, 32 Va.App. 228, 527 S.E.2d 456 (2000), to support this analysis. Again, her reliance is misplaced.
Smith addressed the meaning of “scene of the accident” in the context of Code § 19.2-81, the statute allowing an arrest without a warrant. Id. at 231, 77 S.E.2d 855, 527 S.E.2d at 458. Appellant is correct that this Court held Smith was at “the scene of any accident” when she was arrested, even though she stopped her car 100 yards away from the road sign she had struck. Id. However, in a footnote, this Court foresaw appellant’s argument here:
Appellant contends that the phrase, “the scene of any accident,” in Code § 19.2-81 should be construed as coextensive with the phrase, “the scene of the accident,” in Code § 46.2-894, Virginia’s “hit-and-run” statute. Because appellant’s hit-and-run charge was disposed of by nolle prosequi and never considered by the court, we see no reason to analyze the meaning of the challenged phrase in the hit-and-run statute. We note, however, that the hit- and-run statute contains language significantly different from the statute under which appellant was convicted. Code § 46.2-894 requires a driver involved in an accident to “stop as close to the scene of the accident as possible without obstructing traffic,” and the purpose of the statute is to “facilitate accident investigation and to preserve public *770 order.” Johnson v. Commonwealth, 14 Va.App. 769, 771, 418 S.E.2d 729, 731 (1992). Code § 19.2-81, by contrast, permits an officer to make a warrantless arrest of a motor vehicle driver, under certain conditions, “at the scene of any accident.”
Id. at 234 n. 2, 527 S.E.2d at 460 n. 2.
We agree with the analysis in Smith’s footnote. By requiring a driver to stop immediately and as close to the “scene” as possible, Code § 46.2-894 distinguishes and limits the area labeled “the scene” in a manner that Code § 19.2-81 does not. The hit-and-run statute clearly requires drivers to stop as close to the accident, or point of impact, as safety will permit. Any other interpretation of the statute would make the word “immediately” meaningless and foil the intent of the statute. See Gray v. Graves Mountain Lodge, Inc., 26 Va.App. 350, 355-56, 494 S.E.2d 866, 869 (1998) (explaining that courts should avoid interpretations that make words within a statute meaningless and ignore legislative intent).
The trial court found appellant “drove fifty to a hundred feet away” after injuring Officer White. The evidence supports that finding. After Officer White fell from her car, appellant hit two police cars and eventually stopped in the lawn of a private residence. Nothing in the record suggests that stopping in the lawn was an immediate stop or that the lawn was the first safe place to park the car.

CONCLUSION

We find appellant was properly convicted of assault on a law enforcement officer and that the evidence was sufficient to convict appellant of leaving the scene of an accident involving personal injury. Thus, we affirm both convictions.

Affirmed.

. Appellant was convicted of assault on a law enforcement officer, not assault and battery on a law enforcement officer. Thus, we will not address this contention.

. Rule 5A:18 states: