COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick

PAMELA YOUNG

                                    MEMORANDUM OPINION[*]

v.        Record No. 0550-06-1                        PER CURIAM
                                      AUGUST 22, 2006

CHESAPEAKE DEPARTMENT
  OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

(Del M. Mauhrine Brown, on brief), for appellant.

(John E. Oliver; City of Chesapeake Attorney's Office, on brief), for
appellee.

(Leslee A. Nicholas; Sadler & Nicholas, on brief), Guardian *ad litem*
for the minor child.


Pamela Young appeals the trial court's order terminating her residual parental rights to her

child, D.Y., pursuant to Code § 16.1-283(C)(2).  Upon reviewing the record and briefs of the

parties, we conclude this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

Young contends the evidence did not prove she failed to respond or follow through with

appropriate, available, and reasonable rehabilitative efforts by agencies designed to eliminate the

conditions of neglect or abuse of D.Y.  Young's argument addresses the sufficiency of the evidence

to prove the conditions set forth in Code § 16.1-283(B)(2)(c), which supplies prima facie evidence

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to support a termination under Code § 16.1-283(B).[1]  However, the trial court terminated Young's parental rights under Code § 16.1-283(C)(2), not Code § 16.1-283(B).  Therefore, we need not address Young's argument that the evidence was insufficient to prove the conditions stated in Code § 16.1-283(B)(2)(c).

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding "reasonable and appropriate efforts" of services agencies.  To the extent Young's argument could be construed as a contention she did not receive "reasonable and appropriate efforts" from agencies pursuant to Code § 16.1-283(C)(2), this claim is barred by Rule 5A:18.  At the termination hearing, Young contended only that her parental rights should not be terminated based upon her limited cognitive abilities.[2]  "The Court of Appeals will not

---

[1] A termination under Code § 16.1-283(B) requires a finding that:

> 1.  The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2.  It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

Prima facie evidence of the conditions set forth in Code § 16.1-283(B)(2) may be established by proof that "[t]he parent . . ., without good cause, ha[s] not responded to or followed through with appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child."  Code § 16.1-283(B)(2)(c).

[2] While defense counsel expressed "sadness" that services to help Young "be like regular folks doing regular things" were "not an option for her," counsel did not argue that the services provided to Young were inadequate under the law.

consider an argument on appeal which was not presented to the trial court." Ohree v.

Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

Accordingly, we cannot consider on appeal a claim that the evidence was insufficient to support

a termination under Code § 16.1-283(C)(2).

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth*,* 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Young also contends the termination of her parental rights violated her Fourteenth

Amendment right to due process. Because Young failed to raise this issue in the trial court, it is

barred by Rule 5A:18. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488. Rule 5A:18 applies to

bar even constitutional claims. See Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d

897, 900 (1992). Young does not ask this Court to invoke the good cause or ends of justice

exceptions to Rule 5A:18. Therefore, we do not consider this question. See Edwards, 41

Va. App. at 761, 589 S.E.2d at 448.

For the foregoing reasons, we summarily affirm the trial court's decision.

Affirmed.