COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


AFGD GLASS/AFG INDUSTRIES, INC. AND
  TRAVELERS INDEMNITY COMPANY OF
  AMERICA

                                                           MEMORANDUM OPINION[*]
v.        Record No. 1110-07-2                                  PER CURIAM
                                                            OCTOBER 2, 2007
CLARENCE TURNER HEATH, JR.


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Warren H. Britt; Anne C. Byrne; Warren H. Britt, P.C., on brief),
               for appellants.

               (Jamie L. Karek; Geoffrey R. McDonald & Associates, P.C., on
               brief), for appellee.


       AFGD Glass/AFG Industries, Inc. and its insurer (hereinafter referred to collectively as

"employer") appeal a decision of the Workers' Compensation Commission finding that Clarence

Turner Heath, Jr. (claimant) proved he sustained a traumatic brain injury and that he reasonably

marketed his residual work capacity.[1]  We have reviewed the record and the commission's

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer also argues that the commission erred in awarding claimant temporary total
disability benefits from June 22, 2005 through June 30, 2005, a period for which he worked
full-duty.  While employer argued to the commission, on review, that claimant failed to
adequately market his residual work capacity beginning June 22, 2005, it did not argue that
claimant returned to full duty from June 22, 2005 through June 30, 2005, and therefore was not
entitled to benefits for that period.  Accordingly, we will not address that argument on appeal.
See Rule 5A:18.

               Although Rule 5A:18 allows exceptions for good cause or
               to meet the ends of justice, appellant[s] [do] not argue that we
               should invoke these exceptions.  See e.g., Redman v.
               Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272
               (1997) ("In order to avail oneself of the exception, a *defendant*

opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. <u>See</u> <u>Heath v. AFGD Glass/AFG Industries, Inc.</u>, VWC File No. 218-86-41 (April 11, 2007). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>

---

> *must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).