COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Petty and Beales
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.       Record No. 1922-07-1                JUDGE ELIZABETH A. McCLANAHAN
                                                         JANUARY 4, 2008
STEVEN D. BLOUNT


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Dean W. Sword, Jr., Judge

Joshua M. Didlake, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellant.

(Joyce L. Weddle, Deputy Public Defender; Office of Public
Defender, on brief), for appellee.  Appellee submitting on brief.


        The Commonwealth appeals an order of the trial court granting Steven D. Blount's

motion to suppress evidence.  Because the Commonwealth failed to preserve the argument it

now makes on appeal, we affirm the trial court.

I.  BACKGROUND

        Steven D. Blount was indicted for violation of Code § 18.2-308.2, possession of a firearm

by a previously convicted felon, and violation of Code § 18.2-108.1, receipt of a stolen firearm.

Officer R. Riddle of the Portsmouth Police Department stopped a vehicle in which Blount was

riding as a passenger and discovered a weapon under the passenger seat.[1]  Blount filed a motion

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although the United States Supreme Court has held that a passenger does not have a
reasonable expectation of privacy in an automobile in which he has no ownership or possessory
interest, Rakas v. Illinois, 439 U.S. 128 (1978), the Commonwealth did not make that argument
either at trial or on appeal.  Thus, we will not consider the issue.

to suppress arguing the weapon was seized in violation of the Fourth Amendment. The trial court granted the motion, and the Commonwealth filed this appeal pursuant to Code § 19.2-398.[2]

## II. ANALYSIS

We start with the premise that "warrantless searches are *per se* unreasonable, subject to a few specifically established and well-delineated exceptions, and the Commonwealth has the heavy burden of establishing an exception to the warrant requirement." Megel v. Commonwealth, 262 Va. 531, 534, 551 S.E.2d 638, 640 (2001) (citations omitted). Once the defendant establishes that the challenged search was conducted without a warrant, the Commonwealth has the burden to identify a specific exception to the warrant requirement that would justify the search. On appeal, the Attorney General does so, arguing the officer had a reasonable articulable suspicion that criminal activity was afoot and that Blount was armed and dangerous therefore justifying the detention and frisk of Blount and the search of the vehicle, relying on Terry v. Ohio, 392 U.S. 1 (1968), and Michigan v. Long, 463 U.S. 1032 (1983). However, the Commonwealth failed to present this argument to the trial court. The prosecutor simply restated the evidence, without advancing any legal theory or citing any case law that would justify the police officer's actions. In fact, the trial court, without any objection from the Commonwealth, framed the issue as whether there was "sufficient probable cause to look for the weapon." The trial court further stated, again without objection, "[W]e have to have probable cause for there to be a seizure and a subsequent search." According to the trial court, "I just can't come to the conclusion that there is probable cause."[3] At no time did the Commonwealth

---

[2] The Commonwealth failed to include in its notice of appeal the certifications required by Code §§ 19.2-398(A)(2) and 19.2-400.

[3] The probable cause standard is relevant to an analysis of whether there was probable cause to arrest Blount on a concealed weapons charge, but, on appeal, the Commonwealth does not make that argument. Therefore, pursuant to Rule 5A:20(e), we do not address this issue.

object to the trial court's application of the probable cause standard or urge the trial court to apply the appropriate legal standard set forth in <u>Terry</u> and <u>Long</u>.

Pursuant to Rule 5A:18, the Commonwealth was required to present to the trial court the argument now made on appeal.

> Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citations omitted). Thus, "though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." <u>West Alexandria Properties, Inc. v. First Va. Mortgage & Real Estate Inv. Trust</u>, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980).

The Commonwealth's argument is based on the application of a reasonableness standard – a standard the Commonwealth never asked the trial court to apply.[4] Thus, since the Commonwealth makes an argument on appeal that was never presented to the trial court, the Commonwealth's argument is barred by Rule 5A:18.

For these reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[4] The Commonwealth failed to designate on brief where, in the record, the argument it now makes was preserved for appeal as required by Rule 5A:20(c).