COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


SAUL PARADA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0572-07-4              JUDGE ROSEMARIE ANNUNZIATA
                                                         JUNE 24, 2008

COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Richard B. Potter, Judge

           Paul Mickelsen (David Bernhard; Bernhard & Gardner, on brief), for
           appellant.

           Karen Misbach, Assistant Attorney General II (Robert F.
           McDonnell, Attorney General, on brief), for appellee.


       The issue on appeal is whether the trial court erred in preventing appellant from

cross-examining a witness in violation of the Sixth Amendment's right to confrontation.

Appellant did not present the argument he makes on appeal to the trial court. Accordingly, we

affirm. See Rule 5A:18.

       Following a jury trial, appellant was convicted of assault and battery, in violation of Code

§ 18.2-57, and criminal street gang participation, in violation of Code § 18.2-46.2. The

Commonwealth objected to several questions defense counsel posed to Michael Maze, a security

guard at a local night club, who witnessed the events leading up to the criminal violations. In

response to the Commonwealth's objections, defense counsel noted that it "goes to bias,"

without offering further grounds in argument. The trial court sustained the objections.

_____

           [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, appellant contends that his Sixth Amendment rights were violated when the trial court sustained the Commonwealth's objections. This constitutional argument was not made to the trial court, and it is, therefore, barred from our consideration by Rule 5A:18. See Tynes v. Commonwealth, 49 Va. App. 17, 24 n.2, 635 S.E.2d 688, 690 n.2 (2006) (finding waiver of Confrontation Clause argument when raised for first time on appeal). Rule 5A:18 requires an "objection [be] stated together with the grounds therefore at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." See Harward v. Commonwealth, 5 Va. App. 468, 473, 364 S.E.2d 511, 513 (1988) ("[A] contemporaneous objection on stated specific grounds must be made in the trial court before an appellate court is authorized to review the question of admissibility of evidence."). See also Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (Rule 5A:18 requires that "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal.").

While Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. "We will not consider, *sua sponte,* a 'miscarriage of justice' argument under Rule 5A:18." Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

Accordingly, we affirm appellant's convictions.

Affirmed.