COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Powell


TIMOTHY WAYNE BRADLEY

MEMORANDUM OPINION*
v.        Record No. 2623-08-3                        PER CURIAM
                                                      MARCH 10, 2009
SOUTHERN AIR, INC. AND
   LIBERTY MUTUAL INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gregory P. Cochran; Caskie & Frost, on brief), for appellant.

              (John T. Cornett, Jr.; Daniel E. Lynch; Daniel E. Lynch &
              Associates, on brief), for appellees.


         Timothy Wayne Bradley (claimant) appeals a decision of the Workers' Compensation

Commission denying his claim seeking to hold Southern Air, Inc. and its insurer responsible for

the cost of medical treatment of his low back and left hip.

         On appeal, claimant contends the commission erred in dismissing his claim because the

medical evidence proved his low back and left hip injuries constituted compensable

consequences of his original October 30, 1999 right knee injury.  However, our review of the

commission's opinion shows that it did not render any decision on the questions raised by

claimant in this appeal.  Rather, the commission based its denial of claimant's May 2, 2007 claim

for benefits for medical treatment of his low back and left hip solely upon its findings that the

claim was barred by the statute of limitations contained in Code § 65.2-601, as it was not filed

within two years from the date of claimant's compensable accident and that his May 2007 claim

did not constitute an amendment to the initial April 26, 2000 claim for benefits.  The commission

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

did not address the compensable consequences issues now raised by claimant on appeal, and claimant failed to file a motion for reconsideration or rehearing in order to request that it do so. Accordingly, we will not address whether the low back and left hip injuries constituted compensable consequences of claimant's original injury for the first time on appeal. See Rule 5A:18. "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions [and] [w]e will not consider, *sua sponte*, a 'miscarriage of justice' argument under Rule 5A:18." Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*) (citation omitted).

Because claimant does not challenge the commission's specific findings that his May 2007 claim for medical treatment of his low back and left hip was barred by the statute of limitations contained in Code § 65.2-601, as it was not filed within two years from the date of his compensable accident, and that his May 2007 claim was not an amendment to the initial April 26, 2000 claim for benefits, those findings are binding and conclusive upon us. Accordingly, we affirm the commission's decision without addressing the merits of the questions raised by claimant. We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.