COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


JUDSON JEFFREY HARRIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0208-08-2                      JUDGE CLEO E. POWELL
                                                    MAY 12, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                             Joseph E. Spruill, Jr., Judge

            Rebecca K. Glenberg (Joseph T. Brown; American Civil Liberties
            Union of Virginia Foundation, Inc., on brief), for appellant.

            Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Judson Jeffrey Harris (appellant) was convicted of possession of heroin, in violation of Code

§ 18.2-250, after he failed to meet the conditions imposed by the circuit court when it initially

deferred its finding of guilt.  On appeal, appellant argues that the circuit court erred in (1) ruling that

all due process requirements were fulfilled when appellant's participation in the Rappahannock

Area Regional Drug Treatment Court (drug court program) was terminated and he was sentenced to

a term in jail, (2) refusing to consider evidence of the reasons for which appellant was discharged

from the drug court program, and (3) refusing to consider alternatives to incarceration.  Finding no

error, we affirm the circuit court's judgment and appellant's conviction.

                                    I.  BACKGROUND

        Appellant was charged with possession of heroin, in violation of Code § 18.2-250, for

events that occurred on March 5, 2005.  He was arraigned on February 6, 2006, and he entered

--------
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

into a plea agreement. The terms of the plea agreement deferred a finding of guilt and suspended imposition of a sentence while appellant was enrolled in the drug court program. If appellant successfully completed the program, the charge would be dismissed. If he failed to complete the drug court program, he would be found guilty and sentenced. The plea agreement also contained the Commonwealth's recommended sentence: three years with two years and six months suspended, supervised probation, five years of good behavior, and payment of court costs.

During appellant's arraignment, the circuit court conducted a colloquy and determined that appellant understood the nature of the crime for which he was charged, pled guilty voluntarily, comprehended the consequences of his plea, and waived certain rights knowingly. The court found that the evidence was sufficient to support the charge against appellant and accepted his guilty plea. Appellant then enrolled in the drug court program.

On August 27, 2007, the drug court terminated appellant from the program and referred his case back to the circuit court for sentencing. On October 31, 2007, Judge John W. Scott, Jr. recused himself from appellant's sentencing because he had voted to expel appellant from the drug court program, but agreed to hear appellant's bond motion that day with appellant's agreement. The circuit court denied appellant's request for bond.

At his sentencing hearing on January 14, 2008, appellant argued that he should not be incarcerated for violating his plea agreement because such incarceration would violate his due process rights. He asserted that his "liberty interest in continuing in a drug court program cannot be terminated without due process of law." Appellant contended that a person facing termination from a drug court program was entitled to the same procedural protections as a person facing revocation of probation. He argued that he was entitled to notice, the opportunity to challenge the case against him, and the opportunity to be heard. Finally, appellant asserted that the First

Amendment protected his comments on a MySpace page and, therefore, he cannot be terminated from the program or incarcerated for these comments.

The circuit court held that appellant was found to have failed to comply with the behavioral requirements of the drug court program and his participation in the program was properly terminated. The court sentenced him in accordance with the plea agreement: three years with two years and six months suspended, supervised probation, five years of good behavior, and payment of court costs.

## II. ANALYSIS

On appeal, appellant asserts that his summary termination from the drug court program violated the Due Process Clause of the Fourteenth Amendment.[1] The Commonwealth responds that Rule 5A:18 bars our consideration of appellant's arguments because they were not properly raised below. We agree with the Commonwealth.

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

Rule 5A:18. This rule exists so that the circuit court judge is alerted to possible error and is afforded the opportunity to "consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)). "Making one specific argument on an issue does

---

[1] This Court recently considered these questions on a very similar set of facts in Harris v. Commonwealth, Record No. 2927-07-2 (Va. Ct. App. Mar. 10, 2009). In that case, appellant alleged that his termination from drug court violated his due process rights. Appellant made this argument to the trial court during his motion for bond and during his sentencing hearing. He never sought reversal of his termination from the drug court program because of an alleged violation of his due process rights. This Court held that Rule 5A:18 barred our consideration of the issue because the specific objection he made on appeal was not timely made in the trial court.

not preserve a separate legal point on the same issue." Edwards v. Commonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 448 (2003). Though Rule 5A:18 permits us to consider unpreserved arguments when good cause is shown or to meet the ends of justice, appellant does not argue that we should invoke one of these exceptions, and we will not consider such an argument *sua sponte*. Id. at 761, 589 S.E.2d at 448.

Here, appellant argued during his sentencing hearing that he should not be sent to jail because to do so violated his due process rights. In support of this argument, appellant asserted that he was entitled to due process prior to his termination from the drug court program. However, appellant did not ask the circuit court to reverse his termination on this ground. Therefore, this due process argument was not presented to the circuit court and our consideration of it is barred by Rule 5A:18.

Appellant also contends that the circuit court erred in refusing to consider evidence of the reasons he was terminated from the drug court program. The record clearly shows that Harris never offered, nor did he seek to offer, any evidence of the reasons he was terminated from the drug court program. While Harris advised the court that people were present to address the issue, he never sought to call any witnesses or to present any evidence. Therefore, we cannot say that the circuit court erred in refusing evidence when no evidence was offered nor was any refused, and, as such, Rule 5A:18 bars our consideration of this argument.

Finally, appellant argues that the circuit court erred in refusing to consider alternatives to incarceration.[2] The Commonwealth may enter into a plea agreement with a defendant in which the parties "[a]gree that a specific sentence is the appropriate disposition of the case." Rule 3A:8(c)(1)(C). "If the court accepts the plea agreement, the court shall inform the defendant that

---

[2] Appellant also made this argument in Harris, Record No. 2927-07-2 ,where it was rejected for the same reasons as stated here.

it will embody in its judgment and sentence the disposition provided for in the agreement." Rule 3A:8(c)(3).

Here, the terms of the plea agreement accepted by the circuit court explicitly stated that if appellant failed to successfully complete the drug court program, he would be returned to the circuit court for determination of his guilt and imposition of a sentence. The circuit court accepted the order terminating appellant's participation in the drug court program, found appellant guilty, and imposed the sentence appellant accepted in the plea agreement. Thus, we cannot say that the circuit court erred in not considering alternatives to incarceration.

## III. CONCLUSION

For the foregoing reasons, we reject appellant's arguments and affirm his conviction.

<u>Affirmed.</u>