COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Haley and Beales
Argued at Alexandria, Virginia


GARLAND LEE FOSTER

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0857-09-4                  JUDGE JAMES W. HALEY, JR.
                                                       JUNE 8, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Jr., Judge

James G. Connell, III (Michael F. Devine; Devine, Connell,
Sheldon & Flood, P.L.C., on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Garland Lee Foster appeals his conviction for abducting his girlfriend in violation of

Code § 18.2-47.[1]  During rebuttal at trial, the Commonwealth introduced recordings of calls

from Foster to his girlfriend.  On appeal, Foster argues the trial court erred (1) in precluding him

from cross-examining the girlfriend about calls she placed to him and (2) refusing to allow him

to introduce recordings of calls from the girlfriend to him.  Finding these arguments procedurally

barred, we affirm.

II.  BACKGROUND

Given the issues in this case and our disposition of them, the relevant facts may be

succinctly stated.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In order to better protect the victim's privacy, we do not refer to her by her name.

A grand jury indicted Foster for abducting his girlfriend.  A bench trial was held on August 13, 2008.  During cross-examination, Foster testified the last time he called his girlfriend was around July 16, 2008.  In rebuttal, the Commonwealth introduced recordings of telephone messages from Foster to his girlfriend from after that date.

Foster's counsel then attempted to cross-examine the girlfriend about whether she had called Foster during the relevant time period.  The following dialogue then occurred:

> [Prosecutor]:  Objection; beyond the scope of direct.  I never asked that.  The messages speak for themselves.  I didn't open the door to any of that.
>
> The Court:  Objection sustained.  You know, he just talked about the messages that he gave to her.
>
> [Foster's counsel]:  But Your Honor, I think he's clearly referring to inquiries that she has made from him.  On one of the messages he says I'll give you the three hundred dollars on Friday.  I think that --
>
> The Court:  Out of his paycheck, and then plus seven hundred more or something like that.
>
> [Prosecutor]:  Your Honor, I think that it's clear, the case law is clear that the messages and the recordings speak for themselves.  She is not to be cross-examined on the contents of the messages.
>
> The Court:  Objection sustained.

Foster's counsel then ended his cross-examination.

Foster's counsel then attempted to introduce surrebuttal evidence consisting of recordings of phone calls made by the girlfriend to Foster.  In considering the admissibility of the evidence, the following exchange took place:

> The Court:  What's your point, that she called him too, basically?
>
> [Foster's counsel]:  Basically, yes.
>
> The Court:  All right.
>
> [Foster's counsel]:  And to the extent that she's denying that.

- 2 -

The Court: She's not denying it because he never asked it.

[Foster's counsel]: I asked her on direct, Your Honor, in the case in chief.

The Court: We're talking about rebuttal now. This is the rebuttal phase of the case.

Foster was not permitted to introduce the recordings into evidence.

At the conclusion of the evidence, the court found Foster guilty. He now appeals.

### III.  ANALYSIS

On appeal, Foster argues the trial court erred in precluding him from cross-examining the girlfriend about telephone calls to him because he had the right to cross-examine about bias. Foster claims the girlfriend's calls would have revealed bias. Foster also maintains the trial court erred in forbidding him to introduce recordings of phone calls from the girlfriend to him because the evidence "would have placed in context Foster's messages to [the girlfriend] and altered the import of material evidence introduced for the first time in rebuttal." Foster goes on to claim the recordings "would have disclosed [the girlfriend's] general animus toward Foster through her use of profanity in referring to him, thus affecting her credibility."

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." The purpose of this contemporaneous objection rule "is to ensure that the trial court has an opportunity to rule intelligently on a party's objections and avoid unnecessary mistrials or reversals." Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002).

A party must make an argument with specificity to preserve it for appeal. Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). "A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v.

<u>Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citations omitted). These principles apply even to constitutional arguments. <u>Townsend v. Commonwealth</u>, 270 Va. 325, 332, 619 S.E.2d 71, 75 (2005).

The first issue in this appeal concerns the trial court's refusal to permit Foster to cross-examine his girlfriend during rebuttal about phone calls she made to Foster after the Commonwealth introduced recordings of messages from Foster to his girlfriend. Foster's counsel argued the questioning was permissible because Foster's messages to his girlfriend referenced communication from the girlfriend. Foster's counsel never mentioned a desire to cross-examine for potential bias, which is the ground now asserted on appeal. Accordingly, this issue is not preserved.

The second issue concerns the trial court's refusal to allow Foster to present recordings of the girlfriend's calls to him in surrebuttal. The trial court inquired of Foster's counsel about the evidence: "What's your point, that she called him too, basically?" Foster's counsel responded: "Basically, yes." Counsel also asserted the evidence would rebut the girlfriend's denial she placed calls to Foster, at which point the trial court responded the girlfriend had not denied that as the question was not asked. On appeal, Foster maintains the excluded evidence "would have placed in context Foster's messages to [the girlfriend] and altered the import of material evidence introduced for the first time in rebuttal." Foster also asserts the excluded recordings would have shown the girlfriend's dislike for Foster, thereby revealing bias. These grounds were not presented to the trial court and so are not preserved for appeal.[2] Rule 5A:18.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[2] Foster does not argue the ends of justice exception to Rule 5A:18 applies, and we will not consider it *sua sponte*. <u>Edwards</u>, 41 Va. App. at 761, 589 S.E.2d at 448.