COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and AtLee
Argued at Norfolk, Virginia


RYAN STACY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0414-19-1                      JUDGE GLEN A. HUFF
                                                    DECEMBER 27, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Migliozzi, Jr., Judge

Trevor Jared Robinson for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Pursuant to a plea agreement, Ryan Stacy ("appellant") was convicted of one count of

aggravated sexual battery in violation of Code § 18.2-67.3(A)(2). On appeal, he argues that the

trial court applied an incorrect calculation of the sentencing guidelines when it sentenced him to

ten years' incarceration with seven years and two months suspended.

A trial court's calculation of the sentencing guidelines is non-reviewable, and appellant

failed to preserve the other arguments he now presses on appeal. Therefore, this Court affirms.

I. BACKGROUND

In 2017, appellant applied for employment with the Virginia Beach Police Department.

As a condition of applying, appellant agreed to participate in a polygraph examination. On

October 26, 2017, during his initial polygraph examination, appellant admitted to engaging in

sexual intercourse with a woman, without her knowledge or consent, while she was asleep. On

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

December 7, 2017, during a follow-up examination, appellant further confessed that he had engaged in such sexual intercourse approximately fifteen times with the same woman while she slept. He further clarified that she was not awake for "any of it."

Police visited the victim to inform her of what appellant had confessed. She had no prior knowledge of the incidents described. She said that appellant would often come to her house along with other friends to drink and play card games. Often, appellant would stay the night. On more than one occasion appellant had tried unsuccessfully to engage in consensual sexual conduct with her. The victim noted that she would sometimes "get drunk quicker than normal" when drinking with appellant and often "would feel worse than she typically did [the next day], feeling faint or sick all day." She denied consenting to any of the incidents appellant confessed to.

On June 6, 2018, appellant was indicted on one charge of rape, in violation of Code § 18.2-61(A)(ii), and one charge of aggravated sexual battery, in violation of Code § 18.2-67.3(A)(2). Ultimately, the parties reached a plea agreement in which appellant would enter an Alford plea to the aggravated sexual battery charge. See North Carolina v. Alford, 400 U.S. 25 (1970). In turn, the Commonwealth agreed to *nolle prosequi* the rape charge. The plea agreement further provided that:

> The parties agree that the appropriate disposition of this matter is:
> The Court shall find the defendant guilty . . . and sentence him
> following preparation of a Presentence Report, Victim Impact
> Statement and Psychosexual Evaluation. The Court shall not
> sentence the defendant to active time above the high end of the
> Sentencing Guidelines as properly calculated by Probation and
> Parole.

On September 4, 2018, the trial court accepted the plea agreement. It also ordered a psychosexual evaluation, as required by the plea agreement, and continued the matter for sentencing. On February 15, appellant appeared for sentencing. Appellant contended that the

probation office had determined his court-ordered psychosexual evaluation qualified as prior

mental health treatment and thereby reduced his high-end calculation from six years and eleven

months' incarceration to probation and no incarceration.[1] The Commonwealth stipulated that

both the Virginia Sentencing Commission and the Virginia Department of Probation would

calculate the sentencing guidelines as calling for probation and no incarceration. The

Commonwealth argued, however, that the probation office had improperly calculated the

guidelines by counting appellant's psychosexual evaluation as prior mental health treatment.

The trial court accepted the Commonwealth's proffered guideline calculations, under which

appellant received no credit for prior mental health treatment. In doing so, the trial court stated

that:

> The Virginia Sentencing Commission, to which the probation
> office must abide, has determined that the ordering of a
> psychosexual evaluation is considered prior mental health
> treatment. This Court adamantly denies that and is not going to
> accept it . . . .

In response, appellant directed the trial court to the sentencing guidelines instructions in

an attempt to justify the probation office's calculation of appellant's guidelines. Appellant

argued that, under the sentencing guidelines instructions, prior mental health treatment includes

evaluations conducted after the offense date and before sentencing. The trial court rejected the

---

[1] Appellant's psychosexual evaluation qualifying as prior mental health treatment reduced his risk score by two points, from 29 to 27. This was pertinent for two reasons. First, a risk score above 28 increases the high-end sentence guideline by 50%. More importantly, however, a risk score under 28 reduced his score on Section A of the sentencing worksheet from 13 to 5. If appellant had scored 9 or higher on Section A, his sentence would be calculated under Section C. This would have resulted in a low end of one year and eight months and a high end of four years and seven months. Furthermore, the risk score of 29 would have resulted in an adjusted high end of six years and eleven months. However, the probation office determined that his risk score of 27 resulted in a Section A total of 5. This required appellant's sentence to be calculated under Section B. Under Section B, the sentencing guidelines resulted in probation and no incarceration.

argument, stating that it was "not going to accept that interpretation" of the guidelines. The trial court elaborated further:

> [The probation office's guideline calculations are] inconsistent with the proceedings in this matter. There was a plea agreement that the Court accepted. The plea agreement indicated that there is a cap at the high end of the guidelines, and the guidelines that were calculated and the Court reviewed at that time seem to be appropriate in this particular case; and subsequent to that, subsequent to my accepting the plea agreement, the Court ordered an evaluation to determine what the risk assessment was of [appellant] once he was released, and that would be a part of this Court's sentencing determination, and I think it is inconsistent with the policies and procedures of this Court that an evaluation be determined as treatment . . . .

At the conclusion of the hearing, the trial court sentenced appellant to ten years' incarceration with seven years and two months suspended, for an active term of incarceration of two years and ten months. This appeal followed.

## II. ANALYSIS

Appellant's sole assignment of error is that "[t]he trial court erred in adopting the Commonwealth's calculation of the sentencing guidelines." To the trial court, appellant argued that a proper calculation of the guidelines would result in him receiving credit for prior mental health treatment. Appellant contended that the Commonwealth's proposed interpretation of the sentencing guidelines was incorrect and should not be adopted by the trial court at sentencing. Thus, the only issue preserved and raised to this Court is whether the sentencing guidelines calculation, as adopted by the trial court, properly interpreted appellant's psychosexual evaluation as not constituting prior mental health treatment for purposes of the calculation.[2]

---

[2] To the extent that appellant now argues that the trial court violated the plea agreement directly—or indirectly by virtue of Rule 3A:8—those arguments are procedurally defaulted for failure to raise them at the trial court. See Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."). Appellant's arguments about the proper calculation of the guidelines

This Court, however, has no authority to determine whether the trial court properly calculated the sentencing guidelines because such determinations "shall not be reviewable on appeal." Code § 19.2-298.01(F). Accordingly, appellant has failed to assign error to a reviewable issue.

## III. CONCLUSION

Appellant's sole assignment of error is non-reviewable because this Court has no authority to review a trial court's sentencing guideline calculations. To the extent that appellant raises alternative arguments before this Court, those arguments are waived for failure to raise them to the trial court. Therefore, this Court affirms.

<u>Affirmed.</u>

---

did not preserve alternative arguments that the plea agreement was violated. See Edwards v. Commonwealth, 41 Va. App. 752, 760-61 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." (citing Clark v. Commonwealth, 30 Va. App. 406, 411-12 (1999))). "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and [this Court] will not invoke them *sua sponte*." Williams v. Commonwealth, 57 Va. App. 342, 347 (2010) (citing Edwards, 41 Va. App. at 761). Accordingly, this Court expresses no opinion on the merits of such arguments. Nor does this Court express any opinion on the Commonwealth's argument that appellant was required to move to withdraw his guilty plea prior to asserting a violation of his plea agreement.