COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Senior Judge Bumgardner
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1463-07-2                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 28, 2007
RICHARD PHILLIPS


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            William R. Shelton, Judge

              Eugene Murphy, Senior Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on briefs), for appellant.

              (Angela D. Whitley for appellee).


       The Commonwealth, appellant, appeals, pursuant to Code § 19.2-398, the trial court's order

dismissing an indictment against Richard Phillips for a violation of Phillips' Sixth Amendment right

to a speedy trial.  For the reasons stated, we affirm this appeal.

                                      BACKGROUND

       Phillips was indicted for aggravated sexual battery on September 16, 2002.  On December

11, 2006 the Commonwealth moved to *nolle prosse* that indictment and on January 16, 2007 the

Commonwealth re-indicted Phillips for aggravated sexual battery and obtained a new indictment

for object sexual penetration.  In a letter opinion dated June 8, 2007, the trial court found a Sixth

Amendment speedy trial violation and dismissed both indictments by order entered June 11, 2007.

The issue before this Court is limited to whether the trial court erred in dismissing the new

indictment for object sexual penetration.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The Commonwealth argues the trial court erred by dismissing the indictment for object sexual penetration because, unlike the charge for aggravated sexual battery, this indictment was first issued in January 2007. However, the Commonwealth did not present this specific argument to the trial court. At Phillips' hearing on his motion to dismiss, the Commonwealth addressed only the 2002 indictment for aggravated sexual battery, the *nolle prosse* of that indictment, and the effect of the *nolle prosse* on speedy trial issues. It is clear, therefore, that, despite having had the opportunity to do so, the Commonwealth did not raise below the claim now argued on appeal.

Rule 5A:18 provides in pertinent part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

> Under this rule, a specific argument must be made to the trial court
> at the appropriate time, or the allegation of error will not be
> considered on appeal. A general argument or an abstract reference
> to the law is not sufficient to preserve an issue. Making one
> specific argument on an issue does not preserve a separate legal
> point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) (citations omitted). Thus, "though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." West Alexandria Properties, Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980). The main purpose of this rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 739 (1991) (*en banc*).

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

We hold, therefore, that the Commonwealth is barred by Rule 5A:18 from raising this claim for the first time on appeal. Accordingly, appellant's appeal is affirmed.

Affirmed.