COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JAMES SPENCER CARR

                                                 MEMORANDUM OPINION[*]
v.       Record No. 0153-08-3                         PER CURIAM
                                                   JULY 22, 2008
PULASKI COUNTY DEPARTMENT
  OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF PULASKI COUNTY
                      Colin R. Gibb, Judge Designate

          (Michael J. Sobey, on brief), for appellant.

          (Clifford L. Harrison; Suzanne Bowen, Guardian *ad litem* for the
          minor child; Harrison & Turk, P.C., on brief), for appellee.


        On December 21, 2007, the trial court entered an order terminating the residual parental

rights of James Spencer Carr (father) to his minor son, J.C.  The trial court found clear and

convincing evidence proved the circumstances required for termination pursuant to Code

§ 16.1-283(B) and § 16.1-283(C)(2).  On appeal, father's first question presented challenges the

proof of conditions necessary for termination pursuant to Code § 16.1-283(C)(2).  In his second

question presented, father contends the trial court violated his constitutional rights, specifically his

due process rights, "based on the proposition that he did not complete any requirements of a

foster care plan when it is undisputed that no requirements were placed on him and no goals

were set for him under any foster care plan."  For the following reasons, we summarily affirm the

trial court's decision.  See Rule 5A:27.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"[C]lear and convincing evidence that the termination [of residual parental rights] is in the child's best interests is a requirement in common to termination of parental rights under Code § 16.1-283(B) [or] (C) . . . ." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 8 n.5, 614 S.E.2d 656, 659 n.5 (2005). While the best interests of the child is "the paramount consideration of a trial court" in a termination proceeding, Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991), terminations under Code § 16.1-283(B) and the subsections of Code § 16.1-283(C) provide distinct, "individual bases upon which a petitioner may seek to terminate residual parental rights." City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 563, 580 S.E.2d 463, 466 (2003).

A termination under Code § 16.1-283(B) requires a finding that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. . . .

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding reasonable and appropriate efforts" of services agencies.

In Fields, 46 Va. App. at 3, 614 S.E.2d at 657, a parent appealed to this Court from the trial court's decision to terminate her parental rights pursuant to Code § 16.1-283(C)(2) and Code § 16.1-283(E)(i). On appeal, she contended the evidence did not support the termination under Code § 16.1-283(C)(2), but she did not challenge the sufficiency of the evidence to sustain the termination pursuant to Code § 16.1-283(E)(i). This Court found that, in light of the

unchallenged termination pursuant to Code § 16.1-283(E)(i), it was not required to consider the sufficiency of the evidence to support the termination under Code § 16.1-283(C)(2). Fields, 46 Va. App. at 8, 614 S.E.2d at 659.

Likewise, father contends the evidence was insufficient to support the termination pursuant to Code § 16.1-283(C)(2), but does not challenge the termination pursuant to Code § 16.1-283(B). Father's failure to challenge the termination under Code § 16.1-283(B) renders moot his claim regarding the termination under Code § 16.1-283(C)(2), and we need not consider it.

Furthermore, with respect to father's Question Presented 2 and his related argument, we find nothing in the record or the written statement of facts filed in lieu of a transcript to indicate that father alleged a violation of his due process rights before the circuit court, as he now raises on appeal. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we summarily affirm the trial court's decision.

Affirmed.