COURT OF APPEALS OF VIRGINIA


Present:  Judges Beales, Alston and Senior Judge Annunziata
Argued at Alexandria, Virginia


AHMED IZZELDON OSMAN

                                                MEMORANDUM OPINION[*] BY

v.     Record No. 1455-08-4     JUDGE ROSEMARIE ANNUNZIATA
                                                     JANUARY 26, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

Eric E. Clingan (Clingan Tull Easley, PLLC, on briefs), for
appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Ahmed Izzeldon Osman, appellant, was convicted by a jury of first-degree murder, robbery,

and use of a firearm in the commission of a felony.  On appeal, he contends the trial court erred by

admitting evidence concerning a conversation appellant had with an undercover officer.  We hold

that this issue is procedurally defaulted.  Accordingly, we affirm appellant's convictions.

Background

Under well established principles, we state the evidence, and all inferences that may be

reasonably drawn, in the light most favorable to the party prevailing in the proceedings below.  See

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "'[T]he burden is

upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to

the Commonwealth, constituted reversible error.'"  McGee v. Commonwealth, 25 Va. App. 193,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

On June 11, 2006 at 9:57 p.m., police officers found the body of the victim, a taxicab driver, lying outside the driver's side door of his parked cab. The medical examiner determined that the cause of death was a gunshot wound to the chest, which was fired from behind the victim.

At approximately 9:00 p.m. on that same evening at a Metro station located about nine and one-half miles from the crime scene, appellant entered a taxicab parked at a cab stand. Joseph Giday was the driver of the cab. Appellant asked Giday to drive him to an intersection, but appellant appeared unsure about where he wanted to go. Giday turned down the fare, and appellant exited and entered another taxicab that was in line at the cab stand. Ten days after the incident, Giday identified appellant with eighty to eighty-five percent certainty from a police photograph spread. He also positively identified appellant in court.

Muhamad Awan was the driver of the taxicab that was parked directly behind Giday's cab at the Metro station. Awan saw a man enter and exit Giday's cab. When the man approached Awan's cab, Awan also refused the fare. Tariq Chaudrhai, another taxicab driver, also saw a man enter, then exit Giday's cab, and then enter the taxicab driven by the victim after which the cab drove away. The crime scene was located about one-half mile from the intersection appellant had described to Giday.

Appellant made arrangements to meet an undercover detective on June 14, 2006 in order to exchange a .357 magnum for another gun. Police arrested appellant at the pre-arranged location and found the .357 firearm in the middle of the rear seat of the vehicle near where appellant had been seated. Forensic analysis showed that this gun was the weapon used to fire a bullet recovered from the dashboard of the victim's vehicle. On the day after the victim was shot, the victim's credit card

was used to make a purchase in a store. Appellant's fingerprint was located on a receipt for this transaction.

Prior to and during the time frame of the incident, Detective Quinn was working undercover purchasing stolen goods in a store front operation. At the pretrial hearing, Quinn testified that on June 2, 2006, appellant contacted him and stated he had a "hot" firearm he wanted to sell. Quinn again spoke to appellant via telephone on June 12, 2006, the day after the victim was shot. Quinn was not aware of the shooting related to the instant offenses, but knew of a recent, unrelated attempted carjacking offense. Quinn decided to discuss the attempted carjacking offense with appellant to see if appellant would provide any details about the carjacking incident.

In the telephone conversation, Quinn stated to appellant that he had seen a news report about a crime where the "description sounded like you," and he told appellant not to bring "heat to [his] place." Quinn testified that appellant asked, "Did they say how the victim was doing?" Quinn responded, "I don't think anyone got hit." Quinn testified appellant then said, "I'm pretty sure someone got hit."

Appellant filed a pretrial motion *in limine* requesting that the trial court prohibit testimony from Detective Quinn concerning the telephone conversation he had with appellant on June 12, 2006. At the pretrial hearing, Quinn testified he did not inform appellant that he was referring to an unrelated carjacking incident during the conversation, but believed he mentioned that the victim in the attempted carjacking was a "lady."

The trial court denied appellant's pretrial motion *in limine*. In making its ruling, the trial court stated,

> That's where the line is drawn subject to seeing what happens during the course of the trial. Again, I am still operating under papers. I have the benefit to some extent of Mr. Quinn's testimony. But certain things may change and weighing the prejudice and probative value may change when the actual evidence is being presented to me at trial.

The trial court also ruled that on cross-examination appellant could question Quinn about whether he was referring to the instant offense or another incident. Appellant appealed the trial court's decision to this Court.

Analysis

On appeal, appellant contends the evidence about the June 12, 2006 conversation was irrelevant, prejudicial, and not probative because it misled the jury into believing appellant was exhibiting guilty knowledge of the instant offenses. In addition, appellant contends the trial court's ruling that he could clarify during cross-examination which offense Quinn was referencing in the conversation did not cure any error.

"To be timely, an objection to the admissibility of evidence must be made when the occasion arises--that is, when the evidence is offered, the statement made or the ruling given." Harward v. Commonwealth, 5 Va. App. 468, 474, 364 S.E.2d 511, 513 (1988).

The trial court ruled at the pretrial motion *in limine* that Quinn's testimony would be admitted at trial depending on the circumstances that took place at trial. At the pretrial hearing, the trial court stated, "[C]ertain things may change [at trial] and weighing the prejudice and probative value may change when the actual evidence is being presented to me at trial." Thus, "[t]he ruling of the trial court, in effect, was a tentative [or provisional] ruling that the evidence would be admissible provided its relevance was established at trial. Such circumstances require a contemporaneous objection when the evidence is offered to afford the trial court the opportunity to consider the admissibility." Id. at 475, 364 S.E.2d at 514.

At trial, appellant both failed to object to the admission of the testimony at the time it was offered and failed to present the arguments to the trial court that he now makes on appeal. "Accordingly, we do not consider the challenge to . . . the evidence because Rule 5A:18 precludes

consideration of challenges to admissibility of evidence to which there has been no timely

objection." Id.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For this reason, appellant's convictions are affirmed.

Affirmed.