COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


MICHAEL WINGO

                                                              MEMORANDUM OPINION[*]
v.        Record No. 1758-10-3                                     PER CURIAM
                                                              FEBRUARY 22, 2011
TAZEWELL COUNTY DEPARTMENT
  OF SOCIAL SERVICES


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                                Teresa M. Chafin, Judge

              (Patrick D. White; The Charles A. Stacy Law Office, on brief), for
              appellant.

              (Stephen E. Arey; J. Christopher Plaster, Guardian *ad litem* for the
              minor children, on brief), for appellee.


        Michael Wingo (father) appeals a trial court order terminating his parental rights to his

three minor children pursuant to Code § 16.1-283(B).  Father argues the trial court erred by

(1) terminating his parental rights where the evidence failed to show that he abused or neglected

the children, creating a serious or substantial threat to their lives, because he was incarcerated

during the time of the home investigation and the court procedures; and (2) finding the children

suffered neglect or abuse presenting a serious or substantial threat to their lives by him when he

was offered no parenting or drug services due to his incarceration.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

On June 10, 2008, father's three minor children were placed in foster care as a result of an emergency removal order entered by the juvenile and domestic relations district court. The initial foster care service plans contained the goals of return to parents. On June 15, 2009, the new foster care service plans were filed that changed the goals to adoption.

Father was incarcerated from about six weeks prior to the time the children were placed in foster care through the time of the trial court hearing held on July 14, 2010. At the time of the removal of the children, their mother had no income other than food stamps and Temporary Assistance for Needy Families benefits and the residence they lived in was provided by a community action organization.

Father had a 2005 conviction for possession of a controlled substance. In 2007, father was found guilty of assault and battery and assault and battery of a family member. During his probation, father had several positive drug tests. Father also participated in several drug treatment programs, and he failed to complete most of them. He checked himself out of one program, and he was removed from other programs for testing positive for drug use.

Father admitted that he used several different types of drugs when he was residing with his wife, the children's mother, and had shared custody of the children. However, he testified he did not use drugs in the presence of his children. Father testified he did not know whether his wife used drugs. However, the evidence showed that his wife had tested positive for the use of numerous illegal drugs. Also during the time when father resided with his family, he had sporadic employment with several companies, working only a few months at a time. Father lost

several of his jobs for failing to report to work. He testified he also worked for himself, hauling "junk cars" and "scrap metal."

By order entered on April 21, 2008, father's probation was revoked and he was sentenced to serve time in the penitentiary. At that time, the older children were two years old and eleven months old. The third child was born one week later.

Father testified he will be released from jail in March 2011. He stated he had participated in a drug counseling program while incarcerated. He also stated he had registered for a parenting class and other classes offered by the prison system. When asked about potential future employment opportunities, father presented a letter of possible employment from a company whose name he could not recall while he was on the witness stand. He admitted his grandmother had obtained the letter for him and he had not spoken directly with a representative from the company about possible employment. Father also stated he planned to live with either his wife or his grandmother upon his release. However, he did not know where his wife would be residing at the time of his release. Father stated he was willing to attend a specific drug treatment program, but he admitted he had not had contact with anyone from the program in several years and he did not know the meeting schedule of the program. In addition, father did not know the name of his children's doctors or where his oldest child attended school.

The trial court terminated father's parental rights to his three children, and father appeals that decision to this Court.

### Analysis

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie Cnty. Dep't of Soc.

Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it"'" Id. at 266, 616 S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Father argues the trial court erred in terminating his parental rights where the evidence failed to show that he abused or neglected the children creating a serious or substantial threat to their lives because he was incarcerated during most of the Tazewell County Department of Social Services' (the Department) investigation and the court procedures.

Code § 16.1-283(B) provides in pertinent part that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care as a result of court commitment may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and

> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.

The evidence supported the trial court's finding that father had neglected and abused the children prior to his incarceration, presenting a serious and substantial threat to their life, health or development. Based on the evidence presented, the trial court found that father had substance abuse issues and he had failed to maintain regular employment prior to his latest incarceration. Father admitted that he used drugs while he had custody of the children. The trial court found father continually failed to provide for his children and he violated his probation by his repeated

- 4 -

use of illegal drugs, which resulted in his return to prison. The trial court noted that father had made "some effort" to correct his substance abuse issues while he was incarcerated. However, the trial court stated that it did not believe father's drug use "could be corrected." Indeed, as the trial court emphasized, father had been offered many opportunities by the county to assist him with his drug abuse issues. However, father had not successfully addressed these issues. Thus, there was sufficient evidence supporting the trial court's finding that the children suffered neglect or abuse by father's continued illegal drug abuse.

Moreover, Code § 16.1-283(B)(2) provides that proof that the parent or parents have habitually abused or are addicted to narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment that could have improved the capacity for adequate parental functioning shall be prima facie evidence of the conditions set forth in Code § 16.1-283(B)(2). Thus, father's continued substance abuse and his refusal to address the issue was prima facie evidence that it was not reasonably likely he would correct the conditions that resulted in the children's neglect or abuse so the children could be safely returned to his custody.

"Virginia law recognizes the 'maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of his past.'" Toms, 46 Va. App. at 267-68, 616 S.E.2d at 770 (quoting Petry v. Petry, 41 Va. App. 782, 793, 589 S.E.2d 458, 463 (2003)). In this regard, father's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

Father also argues the trial court erred by terminating his parental rights where no parenting or drug services were offered to him by the Department while he was incarcerated and

where he took advantage of services offered by the prison system. However, father failed to present this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Moreover, whether services must be offered to an incarcerated parent was addressed by this Court in Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 590 S.E.2d 575 (2004). There, we stated, "as long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child." Id. at 163-64, 590 S.E.2d at 583. Here, the trial court noted that father had made some effort to address his substance abuse issues, but he had not resolved them despite the county having offered him numerous services prior to his most recent incarceration.

In addition, we note:

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

The three young children had been in foster care for two years and one month by the time of the hearing.  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).  In addition, father failed to present evidence of an adequate plan to regain custody and provide for the children upon his release from prison.  Furthermore, father had an extensive history of drug abuse, causing him to be unable to adequately parent his children.  Based upon father's history, we find no error in the trial court's decision to terminate his parental rights under Code § 16.1-283(B).

Accordingly, the trial court's decision is summarily affirmed.  See Rule 5A:27.

Affirmed.