COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and Senior Judge Bumgardner
Argued at Richmond, Virginia


BRYAN ANTOINE GREEN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2036-10-2                JUDGE RUDOLPH BUMGARDNER, III
                                                         NOVEMBER 15, 2011
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                 Margaret P. Spencer, Judge

               Catherine S. Rusz (Johnson, Gaborik, Fisher-Rizk, and Rusz, PLC,
               on briefs), for appellant.

               John W. Blanton, Assistant Attorney General (Kenneth T. Cuccinelli,
               II, Attorney General; Richard B. Smith, Special Assistant Attorney
               General, on brief), for appellee.


        A jury convicted Bryan Antoine Green of first-degree murder and use of a firearm during

the commission of a felony.  He contends the trial court erred by not allowing him to cross-examine

a police detective about the criminal record for firearm possession of a possible suspect and by

ruling the evidence was sufficient to prove the killing was willful, deliberate, and premeditated.  We

conclude the trial court did not err and affirm the convictions.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that the victim, Darius

Athey, went to a nightclub with a group of friends.  Upon leaving the club, he stopped to talk to a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

group of people while his friends gathered at their car. Several minutes later, the victim's friends heard gunshots and discovered he had been shot. The victim died from one of his wounds.

Shanarra Smith testified she saw the defendant shoot the victim more than once before she got in the vehicle with him. Angela Williams testified she was only a few feet away when she saw the defendant shoot the victim. Police officers at the scene pursued the defendant's vehicle, but they were unable to stop it.

The defendant presented alibi evidence. He also called Detective Arcellious Demery, who had investigated the shooting and interviewed the witnesses. He testified that another eyewitness, Ashley Spellman, initially identified Michael-Anthony Lemarc Fisher as the shooter from a photograph lineup. Further investigation established that Fisher had nothing to do with the shooting although he had been at the club that night. During re-direct examination, the defense asked the detective if Fisher had a conviction for possession of a concealed weapon. The Commonwealth objected, and the trial court sustained the objection.

Though the trial court had ruled, the witness responded, "I'm not sure." Defense counsel continued and asked whether the detective had looked at Fisher's prior record. The witness responded that he had, but the trial judge told the witness not to answer further because she had sustained the Commonwealth's objection.

The defendant maintains the question about Fisher's past criminal record was relevant and probative because a person with a concealed weapons conviction would be more likely to have had a weapon on his person the night of the crime. At no point during the trial did the defense make that argument, nor did it proffer the answer that it anticipated the officer would make. The defendant concedes no proffer was made.

"'It is well settled that when a party's evidence has been ruled inadmissible, the party must proffer or avouch the evidence for the record in order to preserve the ruling for appeal;

otherwise, the appellate court has no basis to decide whether the evidence was admissible.'" Zelenak v. Commonwealth, 25 Va. App. 295, 302, 487 S.E.2d 873, 876 (1997) (*en banc*) (quoting Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992)). "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

The defendant does not argue that we should invoke the exceptions to Rule 5A:18 for good cause or to meet the ends of justice. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred."). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

The defendant argues the evidence was insufficient to prove the killing was willful, deliberate, and premeditated. The question of whether the defendant committed a willful, deliberate, and premeditated killing "is in the province of the jury." Epperly v. Commonwealth, 224 Va. 214, 232, 294 S.E.2d 882, 892 (1982). "Premeditation and formation of an intent to kill seldom can be proved by direct evidence. A combination of circumstantial factors may be sufficient." Rhodes v. Commonwealth, 238 Va. 480, 486, 384 S.E.2d 95, 98 (1989).

The jury accepted the testimony of the Commonwealth's eyewitnesses. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). It showed that the defendant suddenly shot the victim multiple times after they exchanged only a few remarks. The defendant showed no remorse after the shooting and fled the scene. "[E]vidence of a mortal

wound inflicted by a deadly weapon with little or no provocation creates an inference from which the trier of fact may conclude that the killer acted with premeditation." Morris v. Commonwealth, 17 Va. App. 575, 578, 439 S.E.2d 867, 869-70 (1994); see also Painter v. Commonwealth, 210 Va. 360, 366-67, 171 S.E.2d 882, 892 (1969).

The evidence permitted the jury to infer that the defendant intended to kill the victim and that the killing was willful, deliberate, and premeditated. The evidence was sufficient to support a verdict of first-degree murder. Accordingly, we affirm the conviction.

Affirmed.