COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, AtLee and Senior Judge Clements
Argued at Fredericksburg, Virginia


MELANIE SUE ODELL

v.      Record No. 0744-21-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RICHARD Y. ATLEE, JR.
MAY 10, 2022


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

Helen Randolph, Assistant Public Defender (Elsa B. Ohman,
Assistant Public Defender, on brief), for appellant.

Mason D. Williams, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


A jury convicted appellant Melanie Sue Odell of possession of LSD, in violation of Code

§ 18.2-250, and possession with intent to distribute cocaine, second or subsequent offense, in

violation of Code § 18.2-248. Odell challenges the sufficiency of the evidence, arguing the

evidence did not prove that she possessed either the LSD or the cocaine. She also contends the

evidence was insufficient to prove she had the intent to distribute. For the following reasons, we

affirm her convictions.

I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

we discard any conflicting evidence and regard as true all credible evidence favorable to the Commonwealth, including all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On January 18, 2018, officers from the Arlington County Police Department followed Odell's vehicle as part of an investigation. While following her, officers observed Odell make several stops and interact with different individuals. They watched Odell park her car, get out of the vehicle with a male passenger, and enter a residence. Odell had been in the residence for several minutes when another vehicle arrived and parked in the middle of the street. Odell came out of the residence and got into the second vehicle. After thirty to forty-five seconds, she hugged the driver, got out, and went back into the residence. The second vehicle left and was stopped by other patrol units; officers discovered $600 in one of the driver's pockets and a total of $2,200. Approximately five minutes after the other vehicle left, Odell and her passenger got in her vehicle and drove away. Odell was the only female who entered her vehicle while it was under surveillance.

When officers stopped Odell's vehicle, she was in the driver's seat, and her male passenger was in the front passenger seat. Officers arrested Odell and, during a search of her person, found "a clear vial with a purple top that had a tiny bit of white residue inside" in her pants pocket. Officers found a purse on the vehicle's floor behind the center console, and it contained Odell's Virginia Identification Card and two credit cards, each with Odell's name on them. Inside the purse, officers found a Crown Royal bag that contained a digital scale and red and purple glassine baggies. There was also an Arizona beverage can with a false top inside the purse. When the officers unscrewed the false top, they discovered two separate substances inside the can, which they suspected were cocaine and LSD. Subsequent laboratory analysis determined that the substances were indeed 13.87 grams of cocaine and 2.10 grams of LSD.

According to the Commonwealth's expert in street-level narcotics, fourteen grams of cocaine was inconsistent with personal use because users typically buy a gram at a time, or at most three and a half grams at once. The expert also testified that glassine baggies like the ones found in the Crown Royal bag are typically used to package narcotics. The presence of the digital scale and new baggies provided further evidence that the possession of cocaine was inconsistent with personal use. According to the expert, bulk pricing for fourteen grams of cocaine in the Washington, D.C. area was between $700 and $1,000.

At the close of the Commonwealth's evidence, Odell moved to strike both charges. Odell specifically noted that she was "not disputing what the expert testified to about the amount being inconsistent with personal use." Instead, she "focus[ed] on the element of possession," arguing that the Commonwealth had failed to prove she knowingly and intentionally possessed the drugs. Odell argued that mere proximity to the drugs was not enough to establish her possession. The circuit court denied the motion.

Odell then presented her case. Arlington Police Officer Fitzgerald testified that a male was seated in the front passenger seat of Odell's vehicle during the stop. When searching the passenger side of the vehicle, Officer Fitzgerald found a Monster Energy drink can with a false lid that revealed a hidden container inside. The Monster Energy can contained suspected marijuana and suspected cocaine.

Odell renewed her motion to strike after the close of all the evidence, arguing that the Commonwealth failed to establish that she possessed the drugs. The circuit court denied the motion, finding that there were sufficient facts for the case to go to the jury. The jury convicted Odell of possession of LSD and possession of cocaine with the intent to distribute. This appeal follows.

## II. ANALYSIS

### A. Intent to Distribute

Odell first argues that the circuit court erred in denying her motion to strike the possession with intent to distribute charge because the Commonwealth failed to prove that she had the requisite intent to distribute. That argument is not preserved for review.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" *McDuffie v. Commonwealth*, 49 Va. App. 170, 177 (2006) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 621 (1986)). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Odell specifically stated in her initial motion to strike that "the element that is going to be subject to this argument . . . would be the possession part." Odell explained that she was "not disputing what the expert testified to about the amount being inconsistent with personal use. Instead, [she] want[ed] to focus on the element of possession." In her renewed motion to strike, Odell again argued only that the evidence failed to prove that she possessed the drugs, stating that "[n]othing has been proven to show that [Odell] had any sort of dominion or control," over the items. Odell did not argue that the intent to distribute element had not been proved.[1] Therefore,

---

[1] Relying on *Pitchford v. Commonwealth*, No. 1582-01-1 (Va. Ct. App. Sept. 24, 2002), Odell argues that simply making the motion to strike and renewed motion to strike on both charges was sufficient to put the circuit court on notice that she was challenging the sufficiency of the evidence on both the possession element and the intent to distribute element. *Pitchford* does not stand for that proposition. In *Pitchford*, the appellant was charged with possession of

Odell did not preserve this issue.[2]  Accordingly, Rule 5A:18 bars our consideration of this argument on appeal.

### B. Constructive Possession

Odell argues that the circuit court erred in denying her motion to strike because the Commonwealth failed to prove that she constructively possessed the drugs found in the purse. Odell contends that the evidence demonstrated only that she was in proximity to the drugs, which is not sufficient to prove constructive possession.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "[T]he relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

---

cocaine and charges involving possession of a firearm.  Both the cocaine and the firearm were discovered in the same residence, and the Commonwealth had to prove that the appellant constructively possessed both items.  The appellant's argument that he did not have access to the house where the items were found was the same for both items, even if he focused primarily on the firearm.  The trial court made clear that it considered and ruled on the argument for both the firearm and the cocaine.  Thus, this Court considered the issue of constructive possession properly preserved for both charges.

Here, intent to distribute and constructive possession are not the same argument or issue. Odell expressly stated that she was not disputing the intent to distribute evidence and that she was only arguing on the possession element.  Moreover, our published case law makes clear that "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (*en banc*). Therefore, only the constructive possession issue is preserved for appeal.

[2] Odell does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and the Court will not apply the exceptions *sua sponte*. *Edwards*, 41 Va. App. at 761.

Possession of drugs "may be actual or constructive." *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018). "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to [her] dominion and control.'" *Id.* (quoting *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (*en banc*)).

"Mere proximity to a controlled drug is not sufficient to establish dominion and control." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). In addition, "ownership or occupancy alone is insufficient to prove knowing possession of drugs located on the premises or in a vehicle." *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992). Nevertheless, these factors are probative of possession and "may be considered in deciding whether an accused possessed the drug." *Yerling*, 71 Va. App. at 532. "[C]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion." *Id.* at 512-13 (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

Here, Odell occupied the car in which the drugs were found. Odell had been driving the vehicle for five hours that day. The drugs were found in a purse on the floor behind the center console, within reach of Odell in the driver's seat. Although a male passenger was in the vehicle, no other woman entered or exited the vehicle, and nothing connected the male passenger

to the purse. *See Hargraves v. Commonwealth*, 37 Va. App. 299, 314 (2002) (holding that a drawer used exclusively by the defendant for his personal belongings is evidence he exercised dominion and control over its contents). The contents connected only Odell to the purse in which the drugs were found; it contained Odell's Virginia Identification Card and two credit cards with her name on them.

Finally, it is well established that cocaine and other drugs are "commodit[ies] of significant value, unlikely to be abandoned or carelessly left in an area." *Ervin v. Commonwealth*, 57 Va. App. 495, 517 (2011). Odell's purse contained a substantial amount of drugs and distribution paraphernalia, and the total value of the cocaine alone was between $700 and $1,000. The factfinder was permitted to infer that another person would not abandon those items in Odell's purse.

The combined force of the above circumstances supports the conclusion that Odell constructively possessed the drugs found in her purse. Thus, the evidence was competent, not inherently incredible, and sufficient to sustain Odell's convictions. The circuit court's judgment is therefore affirmed.

*Affirmed.*